## HORATIO WOOD v. CHICAGO & NORTHWESTERN RAILWAY COMPANY.[1]

June 28, 1912.

Nos. 17,637—(155).

**Negligence of carrier — verdict sustained by the evidence.**

In this action to recover for the injuries to a horse shipped by plaintiff over defendant's railroad, it is *held* that the evidence sustains the verdict, both as to the negligence of defendant and as to the amount of the damages, and that there was no reversible error in the rulings on the admission of evidence or in the charge.

Action in the district court for Waseca county to recover $1,800 for injuries to a trotting horse caused by defendant's negligence. The answer alleged that when delivered the horse was in charge of Frank Gove who was duly authorized to, and did, enter into a contract for its transportation; that the lawful rate of transportation was $5.92 and that, if Gove had not entered into the contract limiting the liability of defendant to $100 in case of accident to the horse, the rate of transportation would have greatly exceeded $5.92. The contract referred to contains the following:

"Liability limited to the declared valuation by shippers, but not exceeding the following: Each horse or pony * * * $100. * * * Agents are not permitted to receive or ship animals of a

1 Reported in 136 N. W. 1095.

higher value than as stated above, unless by special agreement noted hereon, and a proper contract or release is signed by the owner or shipper thereof."

The case was tried before Childress, J., and a jury which returned a verdict in favor of plaintiff for $400. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*Brown, Abbott & Somsen,* for appellant.

*Moonan & Moonan,* for respondent.

BUNN, J.

Action to recover damages for injuries to a race horse while being transported from New Ulm to Mankato over defendant's railroad. Plaintiff had a verdict for $400, and defendant appealed from an order denying its motion for a new trial.

The questions here are as to the sufficiency of the evidence to sustain the verdict as to defendant's negligence and as to the amount of the damages, and whether there was any reversible error in the rulings on the admission of evidence or in the charge.

1. The evidence was sufficient, in our opinion, to justify the jury in finding that the injuries were the result of negligence on the part of defendant's servants in backing an engine against the car in which the mare was standing with sufficient force to throw her down.

2. The evidence warranted a finding that the mare, before the injuries complained of, had reached a speed record of 2:20 after two months' training, and that she was worth from $1,000 to $1,200 as a race horse, and that the injuries rendered her worthless for racing purposes. Admittedly her value for other than racing purposes did not exceed $300. The conclusion of the jury that $400 was fair compensation to plaintiff for the injuries to the mare was justified by the evidence.

3. Error is assigned in overruling defendant's objection to a question asking an expert witness what the value of the mare would be if she developed a speed of 2:10, there being evidence that she had shown "possibilities to train to be a 2:10 pacer." The answer of the witness was that she would be worth $2,000 if she could race at 2:10. If this was error, which we do not decide, it was clearly error

without prejudice. It is plain, from the amount of the verdict, that this evidence did not affect the result.

4. The instructions assigned as error all relate to the contract of shipment, which provided a limitation of $100 on the value of each horse shipped. We think that the evidence brought the case within the rules applied in O'Malley v. Great Northern Ry. Co. 86 Minn. 380, 90 N. W. 974, Cole v. Minneapolis, St. P. & S. Ste. Marie Ry. Co. 117 Minn. 33, 134 N. W. 296, and O'Connor v. Great Northern Ry. Co. supra, page 223, 136 N. W. 743, and that the instructions were correct.

Order affirmed.